UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MAKE CHEN,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security, et al.,

Respondents.

Case No.:  26-cv-2054-RSH-JLB

**ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

On April 1, 2026, petitioner Make Chen filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. The merits have been fully briefed. *See* ECF Nos. 4 (return), 5 (traverse). As set forth below, the Court denies the Petition without prejudice.

The Parties agree that Petitioner is currently detained subject to an order of removal that became final on October 22, 2025. *See* ECF No. 1 at 1; ECF No. 4 at 2. Petitioner contends that pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), he must be released from immigration custody because there is no significant likelihood that he can be removed in the reasonably foreseeable future. ECF No. 1 at 2. This Court has jurisdiction to review such a claim on a petition for writ of habeas corpus. *Zadvydas* 533 U.S. at 699 ("Whether a set of particular circumstances amounts to detention

1

26-cv-2054-RSH-JLB

within, or beyond, a period reasonably necessary to secure removal is determinative of whether the detention is, or is not, pursuant to statutory authority. The basic federal habeas corpus statute grants the federal courts authority to answer that question.").

In *Zadvydas*, the Supreme Court construed 8 U.S.C. § 1231(a)(6), the statutory provision authorizing detention of a noncitizen subject to a final order of removal beyond the 90-day removal period, and concluded that the "statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. The Court held that after a six-month "presumptively reasonable period of detention," "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Here, Petitioner still falls within the six-month presumptively reasonable period of detention. Respondents have provided a declaration describing efforts by U.S. Immigration and Customs Enforcement ("ICE") to effect Petitioner's removal to China. ECF No. 4-1. On or about March 26, 2026, ICE received a travel document for Petitioner's removal, and he is scheduled to be removed from the United States to China on April 26, 2026. *Id.* ¶¶ 10, 11. Based on the record before the Court, the Court is not persuaded that Petitioner has rebutted the presumption that his detention pending removal is reasonable.

Accordingly, the Court **DENIES** the Petition without prejudice. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: April 14, 2026

_Robert S. Huie_
Hon. Robert S. Huie
United States District Judge

2